**Andrew T. HINCKLEY, Plaintiff–Appellant,**

v.

**YAKIMA COUNTY, Defendant–Appellee,**

and

**Thurston County; et al., Defendants.**

No. 08–35297.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Larry J. King, King Law Group, Olympia, WA, Frederick H. Gautschi, III, Esquire, Law Office of Frederick H. Gautschi, III, Seattle, WA, for Plaintiff–Appellant.

Lawrence A. Peterson, Esquire, Yakima, WA, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

928

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM ***

Andrew T. Hinckley, a former inmate at the Yakima County Jail, appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that Yakima County violated his constitutional rights by failing to protect him from an attack by other inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gibson v. County of Washoe*, 290 F.3d 1175, 1180 (9th Cir.2002), and we affirm.

The district court properly granted summary judgment because Hinckley failed to raise a triable issue as to whether the County employees' housing decision was a direct result of a County policy, or whether the County had a custom or policy that amounted to deliberate indifference and was the moving force behind the employees' housing decision. *See id.* at 1188, 1193–94 (discussing two ways to establish municipal liability); *see also Navarro v. Block*, 72 F.3d 712, 714 (9th Cir.1995) ("Proof of random acts or isolated events is insufficient to establish custom.").

**AFFIRMED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.